USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 15 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
DWAYNE LESLIE,                      :
                   Plaintiff,       :
                                    :    12 Civ. 849 (KBF)
         -v-                        :
                                    :    MEMORANDUM AND
THE CITY OF NEW YORK, et al.        :         ORDER
                   Defendants.      :
                                    :
------------------------------------X

KATHERINE B. FORREST, District Judge:

Plaintiff Dwayne Leslie brings this action against the City of New York ("City") and nine John Doe defendants alleging civil rights violations under 42 U.S.C. § 1983 in connection with his April 6, 2011 arrest. This case was automatically designated for participation in the Southern District's ("S.D.N.Y.") Plan for Certain Section 1983 Cases Against the City of New York (the "Section 1983 Plan"). The Section 1983 Plan was designed to expedite resolution of cases, such as this, for false arrest and excessive force. It provides for limited discovery and mediation. The U.S. District Court for the Eastern District of New York (E.D.N.Y.) has no comparable plan.

Defendant City has moved, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the E.D.N.Y. For the reasons set forth below, defendant City's motion is DENIED.

DISCUSSION

"For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). Where, as here, an action may have been properly brought in a different forum, "[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006). "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2d Cir. 1950) (internal quotation marks omitted); see also D.H. Blair & Co., 462 F.3d at 107 (plaintiff's choice of forum "is given great weight"). While a plaintiff's choice is entitled to less deference where, as here, he does not reside in the district where he brought suit, the moving party has the burden to prove the propriety of transfer by a clear and convincing showing. See Arce v. City of New York, et al., No. 08 Civ. 3871 (JSR), 2008 U.S. Dist. LEXIS 54039, at *2 (S.D.N.Y. July 16, 2008); Habrout v. City of New York, 143 F. Supp. 2d 399, 401 (S.D.N.Y. 2001).

The parties here are agreed that, on the one hand, the locus of the operative facts (involving an arrest and medical

2

treatment received in Queens) is the Eastern District of New York; but that, on the other hand, there is not much difference in convenience between the federal court in Manhattan and the federal court in Brooklyn (see Def.'s Mem. at 7 ("it cannot be said that it would be inconvenient for the plaintiff and individual police officers and other non-party witnesses to appear in Manhattan"), so that the traditional Section 1404(a) factors, see, e.g., D.H. Blair & Co., 462 F.3d at 106-07 (listing factors), make little difference here. Plaintiff's counsel also affirms that upon information and belief, even if this action were transferred to the E.D.N.Y., most pre-trial discovery would take place in the parties' counsel's offices, both in Manhattan, as well as at the New York City Police Department headquarters, also in Manhattan. (Cohen Aff. at ¶¶ 14-19; see also Pl.'s Opp. at 5.) Defendant City has not contested plaintiff's counsel's assertions.[1] Additionally, the opportunity for expedited resolution of this action afforded by the Section 1983 Plan - including an initial stay on all discovery other than the exchange of documents prescribed in the Plan - tips the balance regarding convenience and interests of justice in favor of this Court. See First Nat'l City Bank v. Nanz, Inc., 437 F. Supp. 184, 188 (S.D.N.Y. 1975).

---

[1] The Court gave defendant City time to reply to plaintiff's opposition (see Docket No. 6), but it chose not to do so.

Defendant City argues that this case should be transferred to the E.D.N.Y. because plaintiff's counsel is forum shopping, bringing this case in this Court only because it allegedly awards higher attorneys' fees than the E.D.N.Y. does. (Def.'s Mem. at 9.) With regard to that argument, this Court adopts the reasoning of Judge Rakoff, who was faced with an identical situation in Arce, 2008 U.S. District LEXIS 54039: "Since plaintiff has chosen to employ a Manhattan lawyer to bring this claim, it is not clear that [the potential for an award of higher attorneys' fees] would be an unreasonable reason for bringing the case here or that it would warrant transfer 'in the interests of justice.' But in any event, plaintiff's counsel has flatly denied that this was his motivation for bringing the claim here [(Pl.'s Opp. at 2, 5-6)], and defendant[] ha[s] provided no good reason to question his credibility." Id. at *3-4 (internal citation omitted).

Accordingly, defendant City's motion for transfer of venue is DENIED. The parties shall proceed in accordance with the procedures set forth in the Section 1983 Plan, including regarding the time for defendant City to respond to the complaint.

The Clerk of Court is directed to close the motion at Docket Number 3.

Dated:   New York, New York
         May 15, 2012

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge